JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

NAN HUTCHINSON

## DEFENDANTS

NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)   (See instructions):

JUDGE _____      DOCKET NUMBER _____

Explanation:

10-31-11

DATE

SIGNATURE OF ATTORNEY OF RECORD

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1413 Lemon Street, Clearwater FL 33756_

Address of Defendant: _507 Prudential Road Horsham PA 19044_

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases  _15 U.S.C. §1692_
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _Craig Thor Kimmel_ , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _10-31-11_     _Craig Thor Kimmel_     _57100_
　　　　　　　　　　　　Attorney-at-Law　　　　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10-31-11_     _Craig Thor Kimmel_     _57100_
　　　　　　　　　　　　Attorney-at-Law　　　　　　　Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

Nan Hutchinson                              :        CIVIL ACTION
                                            :
                    v.                      :
                                            :
NCO Financial Systems, Inc.                          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                      ( )

| 10-31-11 | Craig Thor Kimmel | Nan Hutchinson |
|----------|-------------------|----------------|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 | 877-788-2864 | Kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

1

2

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

3

4   NAN HUTCHINSON,                          )
                                              )
5          Plaintiff                          )
                                              )
6      v.                                     )   **Case No.:**
                                              )
7   NCO FINANCIAL SYSTEMS, INC.,              )   **COMPLAINT AND DEMAND FOR**
                                              )   **JURY TRIAL**
8          Defendant                          )
                                              )   **(Unlawful Debt Collection Practices)**
9   _____ )

10

11
### COMPLAINT

12          NAN HUTCHINSON ("Plaintiff"), by and through her attorneys, KIMMEL &

13   SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC.

14   ("Defendant"):

15
### INTRODUCTION

16          1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

17   U.S.C. § 1692 *et seq.* ("FDCPA").

18
### JURISDICTION AND VENUE

19          2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

20   that such actions may be brought and heard before "any appropriate United States district court

21   without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

22   jurisdiction of all civil actions arising under the laws of the United States.

23          3.     Defendant has its corporate headquarters in the Commonwealth of Pennsylvania

24   and as such, personal jurisdiction is established.

25          4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

PLAINTIFF'S COMPLAINT

**PARTIES**

5.    Plaintiff is a natural person residing in Clearwater, Florida.

6.    Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7.    Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

10.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any

2

person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

3

PLAINTIFF'S COMPLAINT

**FACTUAL ALLEGATIONS**

16.     Defendant and others it retained began in August 2011, and continuing through October 2011, constantly and continuously placing harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt of another person.

17.     Upon information and belief, the debt Defendant was seeking to collect arose out of transactions that were primarily for personal, family, or household purposes.

18.     Defendant and others it retained placed calls to Plaintiff's cellular telephone.

19.     In its first telephone call to Plaintiff, Defendant disclosed Plaintiff that it was seeking to collect a debt owed by another person.

20.     Plaintiff informed Defendant that she is not the person that it was seeking to contact, that the individual did not live with her, that the individual could not be contacted at the number it was calling, and not to call her anymore.

21.     Despite being informed that Plaintiff did not know the individual that they were seeking to contact, Defendant continued to call Plaintiff on a repetitive and continuous basis in an attempt to collect the debt.

22.     Defendant contacted Plaintiff, on average, at least two (2) times a day, sometimes calling her as frequently as four (4) times a day.

23.     As a result of Defendant's continuous and repetitive telephone calls, Plaintiff received at least ten (10) collection calls a week from Defendant for more than eight (8) weeks.

24.     Wanting Defendant's repeated telephone calls to stop, Plaintiff obtained legal counsel to help her.

25.     On September 15, 2011, Counsel for Plaintiff sent correspondence to Defendant advising Defendant that Plaintiff was represented by counsel and to cease contacting her.  See

4

Exhibit A, September 15, 2011, letter to Defendant.

26.     Defendant, however, ignored the instructions of Plaintiff's counsel and continued to contact Plaintiff.

27.     Specifically, on October 24, 2011, Defendant, by and through its employee identified to Plaintiff as "Kevin Simmons," contacted Plaintiff on her cellular telephone in its attempts to collect a debt.

28.     Defendant contacted Plaintiff from the following telephone number: (866) 832-1224, which the undersigned has confirmed is a telephone number belonging to Defendant.

29.     Defendant failed to investigate or verify contact information prior to and after calling Plaintiff.

30.     Defendant failed to update its records to avoid further harassment of Plaintiff.

31.     The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of privacy.

## CONSTRUCTION OF APPLICABLE LAW

32.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

33.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit

5

& Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer."  Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

34.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

35.     In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Defendant violated the FDCPA generally;

    b.  Defendant violated §1692b(2) of the FDCPA when it disclosed to Plaintiff that another person owes a debt;

    c.  Defendant violated §1692b(3) of the FDCPA when it communicated with

6

PLAINTIFF'S COMPLAINT

Plaintiff more than once;

d.  Defendant violated §1692c(a)(1) of the FDCPA when it communicated with Plaintiff at a time or place that it knew or should have known was inconvenient;

e.  Defendant violated §1692c(a)(2) of the FDCPA when it communicated with Plaintiff whether they knew she was represented by counsel;

f.  Defendant violated §1692c(b) of the FDCPA when it communicated with Plaintiff about another person's debt;

g.  Defendant violated §1692c(c) of the FDCPA when it communicated with Plaintiff after she notified Defendant in writing that she did wanted them to cease further communication with her;

h.  Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

i.  Defendant violated §1692d(5) of the FDCPA when caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff; and

j.  Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, NAN HUTCHINSON, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutor y damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

7

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NAN HUTCHINSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 10-31-11

By: _____
Craig Thor Kimmel
Attorney ID No. 57100
Tara L. Patterson
Attorney ID No. 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:   kimmel@creditlaw.com
Email:   tpatterson@creditlaw.com

8



CRAIG THOR KIMMEL*ᐟ^
ROBERT M. SILVERMAN*ᐟ^

* Member, PA Bar
^ Member, NJ Bar
^ Member, DE Bar
ᐟ Member, NY Bar
ᐟ Member, MA Bar
ᵍ Member, MD Bar
ᵍ Member, OH Bar
ᵍ Member, MI Bar
ᵍ Member, NH Bar
ᵍ Member, CT Bar
ᵍ Member, TN Bar
ᵍ Member, WY Bar
ᵍ Member, DC Bar
ᵗ Member, CA Bar

# KIMMEL & SILVERMAN
### P.C.

JACQUELINE C. HERRITT*ᐟ^ᵍ
ROBERT A. RAPKIN*
AMY L. BENNECOFF*ᐟ^ᵍ
TARA L. PATTERSON*
ANGELA K. TROCCOLI*ᐟ^
CHRISTINA GILL ROSEMAN*ᵍᐟᵍ
FRED DAVIS*ᵍ
RICHARD A. SCHOLER*
W. CHRISTOPHER COMPONOVO*
TIMOTHY J. ABEEL, JR.*

www.CREDITLAW.com
(800)-NOT-FAIR

**CORPORATE HEADQUARTERS**
30 E. Butler Pike, Ambler, PA 19002
Toll Free (800)-668-3247
Fax (877)-788-2864

**DELAWARE**, 501 Silverside Road, Suite 118, Wilmington, DE 19809, (302) 791-9373
**NEW ENGLAND**, 60 Hartford Pike, P.O. Box 325, Dayville, CT 06241, (860) 866-4380
**NEW JERSEY**, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, (856) 429-8334
**NEW YORK**, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, (212) 719-7543
**WESTERN DISTRICT OF NY**, 1207 Delaware Avenue, Suite 440, Buffalo, NY 14209, (716) 332-6112
**W. PENNSYLVANIA,** 210 Grant Street, Suite 202, Pittsburgh, PA 15219, (412) 566-1001
**Please reply to CORPORATE HEADQUARTERS**

September 15, 2011

**VIA E-MAIL**
Ross S. Enders, Esq.
Sessions, Fishman, Nathan & Israel, LLC
200 Route 31 North, Suite 203
Flemington, NJ 08822

   **RE: Hutchinson, Nan v. NCO Financial Systems, Inc.**

Dear Mr. Enders:

   Please be advised that we represent the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq. and State law. Having been formally notified of representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to our attention only. We reserve the right to seek injunctive relief should you fail to honor these directives.

   **THIS LETTER ALSO SERVES AS NOTICE TO IMMEDIATELY CEASE AND DESIST CONTACTING OUR CLIENT** with respect to the collection or attempted collection of any debt, pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b(6) and 1692c(b), et seq. There is to be absolutely no calls, letters, or other communications whatsoever by any debt collector. Do not contact our client at home, at work, by cellular phone, by mail or otherwise.

   Based upon the information received to date, an FDCPA claim is being prepared and will be filed against your company without further advance notice. You may if desired, contact us to discuss the matter but in any event, do not attempt to communicate with our client directly.

*"When Debt Collectors Called you, they never expected you to call us"*
© Copyright 2009-2010 All Rights Reserved, Kimmel & Silverman, P.C



Sincerely,

/s/ Craig Thor Kimmel

Craig Thor Kimmel
Kimmel & Silverman, P.C.

*"When Debt Collectors Called you, they never expected you to call us"*

© Copyright 2009-2010 All Rights Reserved, Kimmel & Silverman, P.C